IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**RODERICK JACKSON**                                                                                    **PLAINTIFF**

V.                                         **CASE NO. 5:21-CV-5066**

**WAL-MART, INC.**                                                                                       **DEFENDANT**

## OPINION AND ORDER

On September 29, 2021, the Court held a hearing in this matter by telephone. Plaintiff Roderick Jackson, proceeding *pro se*, attended the hearing, as did counsel for Defendant Walmart, Inc. Mr. Jackson filed his initial complaint (Doc. 2) in this Court on April 9, 2021. He filed an Amended Complaint (Doc. 4)—which superseded his original complaint—on May 17, 2021. The Amended Complaint alleges that he was racially profiled and falsely accused of theft at a Walmart store in Omaha, Nebraska. On July 7, 2021, Mr. Jackson filed a Notice of Personal Service that states he personally served Walmart through an individual named Keith Rusher on June 9, 2021, at Walmart's corporate headquarters located at 702 S.W. 8th Street, Bentonville, Arkansas. (Doc. 6).

On July 27, 2021, Walmart filed a Motion to Dismiss (Doc. 7) and Brief in Support (Doc. 8). The Motion to Dismiss asserts that Mr. Jackson violated Federal Rule of Civil Procedure 4(c)(2) by attempting to serve the summons and Amended Complaint himself. Rule 4(c)(2) states that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added). Walmart also argues that the case should be dismissed because Mr. Jackson failed to serve an officer, managing agent, or other agent authorized to accept service on Walmart's behalf, as required by Rule 4(h)(1)(B). Walmart claims it does not know who Keith Rusher is. (Doc. 8, p. 4).

1

Mr. Jackson filed a Response in Opposition to the Motion to Dismiss on August 2, 2021. *See* Doc. 12. In it, he explains he "was given the wrong registered agent" and asserts he "will re send the summons to the court." *Id.* On September 3, Walmart filed a Rule 26(f) Report (Doc. 14) in which it advised that Mr. Jackson had failed to participate in the joint conference, as required by the Initial Scheduling Order (Doc. 9). On September 21, Walmart filed a second Motion to Dismiss (Doc. 15) and Brief in Support (Doc. 16), asserting that on September 1, 2021, Mr. Jackson attempted to serve Walmart again, but in doing so only included the summons and the first page of the *original complaint*—not the Amended Complaint. In addition, the second attempt at service was made more than ninety days after the Amended Complaint was filed, in violation of Rule 4(m).

Upon considering the briefing and the parties' oral argument at the hearing, it is clear that Mr. Jackson has failed to properly effect service of the summons and Amended Complaint on Walmart pursuant to Rule 12(b)(5). **IT IS THEREFORE ORDERED** that both Motions to Dismiss (Docs. 7 & 15) are **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**. The Court cautions Mr. Jackson that if he seeks to refile his case, he should consider whether a more appropriate venue would be the United States District Court for the District of Nebraska, where all the events he mentions in the Amended Complaint took place.

**IT IS SO ORDERED** on this 29th day of September, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE